UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLIE MEADOWS,

　　　　　　　　Plaintiff,

　　　v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

　　　　　　　　Defendant.

Case No. C17-5087-JCC

**ORDER REVERSING AND REMANDING CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Charlie Meadows seeks review of the denial of his application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). Mr. Meadows contends the ALJ erred in (1) finding fibromyalgia and chronic fatigue syndrome (CFS) were not medically determinable impairments at step two; and, (2) weighing the opinion of Jacob Teitelbaum M.D. Dkt. 9 at 1. Mr. Meadows further contends that evidence submitted to the Appeals Council in seeking review of the ALJ's decision undermines the evidentiary basis for the ALJ's step two finding that fibromyalgia and CFS were not medically determinable impairments. *Id.* at 13. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 1

On January 15, 2014, Mr. Meadows protectively filed applications for SSI and DIB, alleging disability as of January 1, 2010. Tr. 37. Mr. Meadows' applications were denied initially and on reconsideration. Tr. 37, 212-21. After the ALJ conducted a hearing on August 20, 2015, the ALJ issued a decision finding Mr. Meadows not disabled. Tr. 37-52.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Mr. Meadows has not engaged in substantial gainful activity since January 1, 2010, the alleged onset date.

**Step two:** Mr. Meadows has the following severe impairments: major depressive disorder and avoidant personality disorder.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Mr. Meadows can perform medium work with additional limitations. He can occasionally kneel. He cannot operate foot control with his left, lower extremity. He must avoid concentrated exposure to pulmonary irritants. He could perform simple, routine tasks and follow short, simple instructions. He could do work that needs little or no judgment and could perform simple duties that can be learned on the job in a short period. He requires a work environment with minimal supervisor contact. Minimal contact does not preclude all contact, rather it means contact does not occur regularly (Minimal contact also does not preclude simple and superficial exchanges and it does not preclude being in proximity to the supervisor.). He can work in proximity to co-workers but not in a cooperative or team effort. He requires a work environment that has no more than superficial interactions with co-workers. He requires a work environment that is predictable and with few work setting changes. He requires a work environment without public contact.

**Step four:** Mr. Meadows cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Mr. Meadows can perform, he is not disabled.

Tr. 37-52. The Appeals Council denied Mr. Meadow's request for review making the ALJ's

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 2

decision the Commissioner's final decision. Tr. 1-3.[3]

## DISCUSSION

Mr. Meadows contends the ALJ erred at step two in finding his fibromyalgia and CFS were not medically determinable impairments. Dkt. 9 at 1. This issue is interconnected with the question of whether new evidence from Mr. Meadow's treating doctor submitted to the Appeals Council for the first time in requesting review undermines the ALJ's decision. Dkt. 9 at 13. Accordingly, the Court will address these two issues in tandem.

The ALJ found fibromyalgia and CFS were not medically determinable impairments. Tr. 41-43. In reaching this conclusion, the ALJ evaluated the medical evidence and found it did not establish the impairments met the requirements of Social Security Rulings (SSRs) 12-2p[4] and 14-1p.[5] The ALJ further found Dr. Teitelbaum's opinion diagnosing these impairments and

---

[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

[4] Under SSR 12-2p, a claimant may establish a medically determinable impairment of fibromyalgia by providing evidence from a licensed physician which satisfies one of two alternate diagnostic criteria: the 1990 American College of Rheumatology Criteria for the Classification of Fibromyalgia ("1990 Criteria"), or the 2010 American College of Rheumatology Preliminary Diagnostic Criteria ("2010 Criteria"). SSR 12-2P, *available at* 2012 WL 3104869, at *3.
Under the 1990 Criteria, the evidence must show: 1) "a history of widespread pain...that has persisted...for at least 3 months;" 2) at least 11 positive tender points, found both bilaterally and above and below the waist; and 3) evidence that other disorders which could cause the symptoms were excluded. *Id.*
Under the 2010 Criteria, the evidence must show: 1) a history of widespread pain; 2) repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions, "especially manifestations of fatigue, cognitive or memory problems ('fibro fog'), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome;" and 3) evidence that other disorders which could cause the symptoms were excluded. *Id.* at *3.

[5] Under SSR 14-1p, a claimant may establish a medically determinable impairment of chronic fatigue syndrome by providing evidence from a licensed physician. *See* SSR 14-1p *available at* 2014 WL 1371245. The Ruling provides that, "under the CDC case definition, the hallmark of CFS is the presence of clinically evaluated, persistent or relapsing chronic fatigue that:
1. Is of new or definite onset (that is, has not been lifelong);
2. Cannot be explained by another physical or mental disorder;
3. Is not the result of ongoing exertion;
4. Is not substantially alleviated by rest; and
5. Results in substantial reduction in previous levels of occupational, educational, social, or personal activities.
B. Additional indications of CFS. CFS results in additional symptoms, some more common than others.
1. Diagnostic Symptoms. The CDC case definition requires the concurrence of 4 or more specific symptoms that persisted or recurred during 6 or more consecutive months of illness and did not pre-date the fatigue:

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 3

finding them disabling was entitled to no weight, and that the opinions of Norman Staley, M.D., finding no severe physical impairments, and Gary Gaffield, M.D., finding no tender points on examination and no physical limitations, were entitled to great weight. Tr. 40-43. However, in requesting review of the ALJ's decision by the Appeals Council, Mr. Meadows submitted a subsequent opinion from his treating physician, Casey Lien, M.D., dated February 8, 2016, which undermines the ALJ's step two findings. Tr. 716-24. The Appeals Council considered Dr. Lien's opinion in denying review of the ALJ's decision and made it a part of the record. Tr. 1-3. "[W]hen the Appeals Council considers new evidence in deciding whether to review a

---

• Postexertional malaise lasting more than 24 hours (which may be the most common secondary symptom);
• Self-reported impairment(s) in short-term memory or concentration severe enough to cause substantial reduction in previous levels of occupational, educational, social, or personal activities;
• Sore throat;
• Tender cervical or axillary lymph nodes;
• Muscle pain;
• Multi-joint pain without joint swelling or redness;
• Headaches of a new type, pattern, or severity; and
• Waking unrefreshed.
2. Other Symptoms. Within these parameters, the CDC case definition, CCC, and ICC describe a wide range of other symptoms a person with CFS may exhibit:
• Muscle weakness;
• Disturbed sleep patterns (for example, insomnia, prolonged sleeping, frequent awakenings, or vivid dreams or nightmares);
• Visual difficulties (for example, trouble focusing, impaired depth perception, severe photosensitivity, or eye pain);
• Orthostatic intolerance (for example, lightheadedness, fainting, dizziness, or increased fatigue with prolonged standing);
• Respiratory difficulties (for example, labored breathing or sudden breathlessness);
• Cardiovascular abnormalities (for example, palpitations with or without cardiac arrhythmias);
• Gastrointestinal discomfort (for example, nausea, bloating, or abdominal pain); and
• Urinary or bladder problems (for example, urinary frequency, nocturia, dysuria, or pain in the bladder region).
3. Co-occurring Conditions. People with CFS may have co-occurring conditions, such as fibromyalgia (FM), myofascial pain syndrome, temporomandibular joint syndrome, irritable bowel syndrome, interstitial cystitis, Raynaud's phenomenon, migraines, chronic lymphocytic thyroiditis, or Sjogren's syndrome. Co-occurring conditions may also include new allergies or sensitivities to foods, odors, chemicals, medications, noise, vibrations, or touch, or the loss of thermostatic stability (for example, chills, night sweats, or intolerance of extreme temperatures)." *Id.* at 1-4.
The SSR also notes that there must also be medical signs or laboratory findings and provides a list of medical signs which, clinically documented over a period of at least 6 consecutive months help establish the existence of an MDI of CFS. *Id.* at 4-5. However, the SSR also states that "the medical criteria discussed above are only examples of physical and mental signs and laboratory findings that can help us establish the existence of an MDI; they are not all-inclusive. … Thus, we may document the existence of CFS with medical signs and laboratory findings other than those listed above provided such evidence is consistent with medically accepted clinical practice, and is consistent with the other evidence in the case record." *Id.*

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 4

decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). Thus, it was appropriate for the Court to consider this evidence in evaluating the ALJ's findings.

Here, Dr. Lien's opinion specifically diagnoses Mr. Meadows with fibromyalgia and CFS and lists signs and symptoms which appear to satisfy the criteria of SSR 12-2p and SSR 14-1p. Tr. 716-24. Dr. Lien further indicates that other possible disorders or impairments have been excluded through methods including blood tests and examination by a psychologist. *Id.* He opines that these impairments caused Mr. Meadows marked limitations in the areas of activities of daily living and concentration, persistence and pace and severe limitations in social functioning. Tr. 724. He opines that, due to these impairments, Mr. Meadows is incapable of even low stress work, that he would miss more than four days of work per month, and that he would not have the stamina and endurance to work even an easy full-time job. Tr. 722-24. He further indicates that these impairments and symptoms have been long-standing. Specifically, he notes that Mr. Meadow's history of fatigue is chronic and that he has tried many treatment attempts and specialists which have thus far been unsuccessful. Tr. 716. He also notes that since he began treating Mr. Meadows in June 2014, Mr. Meadows has not been able to complete all activities of daily living without worsening symptoms. Tr. 722. This opinion directly undermines the ALJ's reasons for finding fibromyalgia and CFS to be non-medically determinable impairments at step two.

The Commissioner argues Dr. Lien's opinion does not undermine the ALJ's decision and identifies potential reasons that the opinion might be discounted. Dkt. 10 at 15-17. For instance,

the Commissioner contends that some of the signs and symptoms Dr. Lien notes in his opinion are not fully supported by his treatment notes. *Id.* However, these reasons were not offered by the ALJ who has not had the opportunity to evaluate Dr. Lien's opinion in the first instance. As such, the Commissioner's arguments constitute *post hoc* rationalizations which the Court cannot rely upon in order to affirm the ALJ's decision. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law requires us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").[6] Thus, even if the ALJ were correct in his step two analysis based on the evidence before him at the time of the hearing, Dr. Lien's opinion undermines the ALJ's reasons for finding fibromyalgia and CFS to be non-medically determinable impairments at step two. Accordingly, the Court does not reach the issue of whether the ALJ properly rejected Dr. Teitelbaum's opinion at step two as consideration of Dr. Lien's opinion on remand may alter the ALJ's analysis with respect to that opinion as well as the other medical evidence the ALJ considered at step two.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should: (1) reevaluate fibromyalgia and CFS at step two in light of Dr. Lien's February 2016 opinion, including, to the extent necessary, reevaluating and re-

---

[6] The Court also notes that the Commissioner points to a couple of specific fibromyalgia symptoms in Dr. Lien's opinion which she argues are unsupported by the treatment notes. Dkt. 10 at 17. However, Dr. Lien listed twenty-three fibromyalgia symptoms, many more than the six required to meet the criteria of SSR 12-2p, and many of which the Commissioner does not directly address and are referenced to some extent in the record. Tr. 719-20.

weighing the other medical opinion evidence considered at step two; (2) proceed with steps three, four and five with the assistance of a vocational expert if necessary.

DATED this 5th day of December, 2017.

JOHN C. COUGHENOUR
United States District Judge